UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:19cv00385 |
| V. | ) | |
| | ) | |
| STEVEN M. MORAN SR., | ) | |
| DARNELL R. MORAN n/k/a DARNELL | ) | |
| SHOEMAKER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now Plaintiff United States of America, by counsel, for and on behalf of its agency, U.S. Department of Agriculture (USDA), and for its cause of action alleges the following:

## JURISDICTION

1.     This Court has jurisdiction pursuant to 28 U.S.C. Section 1345 and venue is proper.

## COUNT ONE
### (Default on Promissory Note)

2.     On or about October 14, 1993, Defendants Steven M. Moran, Sr. and Darnell R. Moran, n/k/a Darnell Shoemaker, executed and delivered to Plaintiff a promissory note in the amount of $63,000.00.   A copy of said note

is attached hereto as "Exhibit 1."

3.    To secure payment of said promissory note Defendants Steven M. Moran, Sr. and Darnell R. Moran, n/k/a Darnell Shoemaker executed and delivered to Plaintiff a mortgage on the following described real estate in Kosciusko County, to wit:

> LOTS NUMBERED 26 AND 27 AND THE EAST HALF OF LOT NUMBERED 25, ALL IN SILVEUS SUNNYSIDE SUBDIVISION AT WARSAW, INDIANA.

> Commonly known as: 111 West Boydston Drive, Warsaw, Indiana 46580

> (the "Subject Property").

The mortgage was recorded in the Office of the Recorder of Kosciusko County, Indiana, on October 15, 1993, as Instrument No.93-10-0770, a copy of which is attached hereto as "Exhibit 2."

4.    As a part of this transaction, Defendants Steven M. Moran, Sr. and Darnell R. Moran, n/k/a Darnell Shoemaker executed a Subsidy Repayment Agreement ("Subsidy Agreement"), a copy of which is attached hereto as "Exhibit 3."   By this agreement, the United States agreed to defer a portion of the accruing interest so long as there was no default, but in the event of a default, the credited interest becomes due as an *in rem* charge secured by the mortgage.   There is due under the Subsidy Agreement the

sum of $14,744.32.

5.    The Defendants Steven M. Moran, Sr. and Darnell R. Moran, Defendants Steven M. Moran, Sr. and Darnell R. Moran, n/k/a Darnell Shoemaker executed a Reamortization Agreement on November 21, 2012, a copy of which is attached hereto as "Exhibit 4." The loan's reamortization took effective November 14, 2012.

6.    Plaintiff is the holder of the promissory note, mortgage and Subsidy Agreement.

7.    Defendants Steven M. Moran, Sr. and Darnell R. Moran, n/k/a Darnell Shoemaker are in default in repayment of the obligations due to Plaintiff under the terms of the promissory note.

8.    The Plaintiff accelerated the indebtedness and made demand for payment in full, and no payment has been received.   All conditions precedent to the assertion of this cause of action against Defendants Steven M. Moran, Sr. and Darnell R. Moran, n/k/a Darnell Shoemaker has been satisfied and/or have occurred.

9.    Defendants Steven M. Moran, Sr. and Darnell R. Moran, n/k/a Darnell Shoemaker owe Plaintiff, pursuant to the note and mortgage, the sum of $104,100.94 consisting of $67,394.10 in principal and $21,962.52 in accrued interest as of April 10, 2019, with interest thereafter at the rate of

3

$12.6181 per day to the date of judgment, plus interest credit under the Subsidy Agreement in the sum of $14,744.32.   In addition, the government may incur additional costs and expenses associated with the preservation and sale of the real property, which may become due and owing under the terms of the note and mortgage.

**COUNT TWO**
**(Foreclosure)**

10.     Plaintiff restates and incorporates by reference allegations 1 through 9 as though fully stated herein.

11.     Defendant Darnell R. Moran, n/k/a Darnell Shoemaker was discharged from liability October 12, 2013 on the note in a Chapter 7 Bankruptcy proceeding filed in the United States Bankruptcy Court, Northern District of Indiana, Case 13-32020-HCD.

12.     The mortgage of Plaintiff is prior and paramount to the interest of all other parties to this action.

WHEREFORE, Plaintiff respectfully prays that the Court:

A. Enter judgment *in rem* against the mortgaged real estate in the amount of $104,100.94, together with interest accruing after April 10, 2019, to date of judgment at the rate of $12.6181 per day, plus any such further costs and expenses as may be incurred to the date of sale of the property and *in personam* against Defendant Steven M Moran, Sr. in the amount of

4

$89,356.62 (the *in rem* judgment minus the differed interest or subsidy recapture in the amount of $14,744.32), and all other costs herein;

B. Enter an order declaring Plaintiff's mortgage to be prior and paramount to the interests of all other parties and determining the amount and priorities of the interests of all parties to the real estate; and an order foreclosing the equity of redemption of defendants in the real estate;

C. Enter an order directing the sale of the property by the U.S. Marshall and application of the proceeds first to the costs of sale, second to payment of the judgment of Plaintiff, with any then-remaining proceeds paid to the Clerk of the Court to be disposed of as the Court shall direct;

D. Issue a Writ of Assistance upon proper Praecipe if the purchaser of the real estate be denied possession; and

E. Award such other and further relief as is just and proper in the premises.

5

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY


By:     *s/Deborah M. Leonard*
        Deborah M. Leonard
        Assistant United States Attorney
        United States Attorney's Office
        Northern District of Indiana
        5400 Federal Plaza, Suite 1500
        Hammond, IN 46320
        Tel:   (260) 422-2595
        Fax: (219) 852-2770
        Email: deborah.leonard@usdoj.gov

Form FmHA 1940-16
(Rev. 2-86)

**PROMISSORY NOTE**

| TYPE OF LOAN | | STATE | INDIANA |
|---|---|---|---|
| RURAL HOUSING | | COUNTY | KOSCIUSKO |
| | | CASE NO. | |

Date ___October 14___, 19 _93_.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

___WARSAW, IN 46580___

THE PRINCIPAL SUM OF ___SIXTY THREE THOUSAND AND NO/100------------------------------------------

DOLLARS ($ _63,000.00_____ ), plus INTEREST on the UNPAID PRINCIPAL of

_SEVEN AND ONE FOURTH____ PERCENT ( _7.25___ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____.

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in ___396_____ installments as indicated in the box below:

| | | |
|---|---|---|
| $ 420.00 _____ on ___November 14___, 19 _93_, and | | |
| $ 420.00 _____thereafter on the _14rh day___ of each _MONTH_____ until the **PRINCIPAL** and **INTEREST** are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** _THIRTY THREE____ ( ___33___ ) YEARS from the DATE of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments. | | |

Exhibit 1

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Exhibit 1

Presentment, protest. and notice are hereby waived.

STEVEN M. MORAN, SR.   *(BORROWER)*          (SEAL)

DARNELL R. MORAN   *(CO-BORROWER)*          (SEAL)

111 W. BOYDSTON DRIVE

WARSAW, IN 46580

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $  63,000 | 10-14-93 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ | |

Exhibit 1

Position 5

USDA-FmHA
Form FmHA 427-1 IN
(Rev. 6-90)

# REAL ESTATE MORTGAGE FOR INDIANA

THIS MORTGAGE is made and entered into by __Steven M. Moran, Sr. and Darnell R. Moran,__

__husband and wife,__

residing in _____Kosciusko_____ County, Indiana, whose post office

address is __111 West Boydston Drive, Warsaw__ , Indiana __46580__,
herein called "Borrower" and the United States of America, acting through the Farmers Home Administration, United States
Department of Agriculture, herein called the "Government":

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption
agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower,
is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Govern-
ment upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| October 14, 1993 | $63,000.00 | 7.250% | October 14, 2026 |

NOV 17 1993

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument
may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the
payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or
any other statute administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the
Government, or in the event the Government should assign this instrument without insurance of the note, this instrument
shall secure payment of the note: but when the note is held by an insured holder, this instrument shall not secure payment of
the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to
secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower
by the Government pursuant to 42 U.S.C. §1490a or any amounts due under any Shared Appreciation Agreement/Recap-
ture Agreement entered into pursuant to 7 U.S.C. 2001:

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in
the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt
payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision
for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure per-
formance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance
contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all
advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every
covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby mortgage,

assign and warrant unto the Government the following property situated in the State of Indiana, County(ies) of __Kosciusko__

LOTS NUMBERED 26 AND 27 AND THE EAST HALF OF LOT NUMBERED 25,

ALL IN SILVEUS SUNNYSIDE SUBDIVISION AT WARSAW, INDIANA

FmHA 427-1 IN (Rev. 6-90)

Exhibit 2

*Allen J. Anglin*
RECORDER OF KOSCIUSKO CNTY

1993 OCT 15 P 4: 21

93-10-0770

RECEIVED FOR RECORD

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income there-from, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harm-less the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Bor-rower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and pay-able by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Govern-ment determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request to deliver such policies to the Government.

Exhibit 2

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided in the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws prescribing any statute of limitations or limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives, to the fullest extent Borrower may lawfully do so under State law, the benefit of all State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, or (c) allowing any right of redemption or possession following any foreclosure sale. Borrower also hereby relinquishes, waives and conveys all rights, inchoate or consummate, of descent, dower, curtesy, and homestead.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

Exhibit 2

(21)  Borrower further agrees that no loan proceeds will be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration, United States Department of Agriculture, at Indianapolis, Indiana 46224, and in the case of Borrower to Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____14th_____ day of ____October____, 19 _93_.

_____ (SEAL)
* Steven M. Moran, Sr.

_____ (SEAL)
* Darnell R. Moran

STATE OF INDIANA

COUNTY OF ____KOSCIUSKO____ } ss:

Before me, ____Vern K. Landis____, a Notary Public, this __14th__ day of ____October____, 19 _93_, ____Steven M. Moran, Sr.____ and ____Darnell R. Moran____ acknowledged the execution of the annexed mortgage.

_____
*  Vern K. Landis                    Notary Public.

(SEAL)

My commission expires ____December 2, 1996____ County of residence:  Kosciusko Co. IN

The form of this instrument was prepared by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

____ROCKHILL, PINNICK, PEQUIGNOT, HELM & LANDIS (VERN K. LANDIS)____

____105 EAST MAIN STREET, WARSAW, IN  46580____

_____
* Names of mortgagors and Notary must be printed, typed, or stamped just beneath their signatures.

OCT 1 5 1993

☆ U.S. GOVERNMENT PRINTING OFFICE: 1992—855-969

Exhibit 2

FmHA Instruction 1951-I
Exhibit A

OCT 1 ○ 1993

## UNITED STATES DEPARTMENT OF AGRICULTURE
## FARMERS HOME ADMINISTRATION

### Subsidy Repayment Agreement

Date of Note 10/14/93  Amount of Note $63,000  Date of mortgage 10/14/93

Date of Note _____  Amount of Note _____  Date of mortgage _____

Type of assistance:

1. Interest credit /X/
2. Homeownership Assistance Program / /

Address of Property:  111 W. BOYDSTON DRIVE

WARSAW, IN 46580

BORROWER:  STEVEN M. MORAN, SR.

CO-BORROWER:  DARNELL R. MORAN

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United States of America, acting through the Farmers Home Administration (FmHA) (herein called "the Government") pursuant to section 521 of Title V of the Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears above (herein sometimes referred to as "borrower"), supplements the note(s) from borrower to the Government as described above, and any promissory note(s) for loans made to borrower in the future by the Government. Such future notes, when executed, will be listed below the signature line of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the repayment of the subsidy granted me (us) in the form of interest credits or Homeownership Assistance Program (HOAP) subsidy (hereinafter called "subsidy").

3    I (we) agree that the real property described in the mortgage(s) listed above is pledged as security for repayment of the subsidy received or to be received.  I (we) agree that the subsidy is due and payable upon the transfer of title or non-occupancy of the property by me (us).  I (we) understand that the real estate securing the loan(s) is the only security for the subsidy received.  I (we) further understand that I (we) will not be required to repay any of the subsidy from other than the value (as determined by the Government) of the real estate, mortgaged by myself (ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

Exhibit 3

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

    (a)  Unpaid balance of loans secured by a prior mortgage as well as
    real estate taxes and assessments levied against the property which
    are due will be paid.

    (b)  Unpaid principal and interest owed on FmHA RH loans for the
    property and advances made by FmHA which were not subsidy and are
    still due and payable will be paid to the Government.

    (c)  I (we) will receive from the sale proceeds actual expenses
    incurred by me (us) necessary to sell the property.  These may include
    sales commissions or advertising cost, appraisal fees, legal and
    related costs such as deed preparation and transfer taxes.  Expenses
    incurred by me (us) in preparing the property for sale are not allowed
    unless authorized by the Government prior to incurring such expenses.
    Such expenses will be authorized only when FmHA determines such expenses
    are necessary to sell the property, or will likely result in a return
    greater than the expense being incurred.

    (d)  I (we) will receive the amount of principal paid off on the
    loan calculated at the promissory note interest rate.

    (e)  Any principal reduction attributed to subsidized interest
    calculations will be paid to the Government.

    (f)  I (we) will receive my original equity which is the difference
    between the market value of the security, as determined by the
    FmHA appraisal at the time the first loan subject to recapture of
    subsidy was made, and the amount of the FmHA loan(s) and any
    prior lien.  This amount is _____0_____ and represents
    ____0____ percent of the market value of the security.  (The

Exhibit 3

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59    | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119  | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299  | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:_____.  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

Exhibit 3

FmHA Instruction 1951-I
Exhibit A
Page 4

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary conveyance, or sale of property, the amount of subsidy to be repaid the Government will be determined in the same manner as described in paragraph 6 of this Exhibit but based on the appraised value determined by FmHA instead of sales price. In such cases, the subsidy due the Government will remain a lien on the property until paid. It must be paid upon non occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.


_____ Borrower
STEVEN M. MORAN, SR.
_____ Co-Borrower
DARNELL R. MORAN
October 14, 1993
          Date signed


Accepted and Agreed to
By _____ (FmHA Official)
THOMAS A. CLEVELAND
COUNTY SUPERVISOR          (Title)

_____
10-18-93
          Date


oOo

Exhibit 3

## REAMORTIZATION AGREEMENT

Account Number

Effective Date
November 14, 2012

The United States of America, acting through the Rural Housing Service,
United States Department of Agriculture (Lender), is the owner and
holder of a promissory note or assumption agreement (Note) in the
principal sum of $  ·  63000.00, plus interest on the unpaid principal of
   7.25000% per year, executed by STEVEN M MORAN SR                 and
DARNELL R MORAN                 , (Borrower) dated    October 14,  1993
and payable to the order of the Lender.  The current outstanding balance
includes unpaid principal, accrued unpaid interest, unpaid advances and
fees.  The total outstanding balance is $     56847.05.

In consideration of the reamortization of the note or assumption
agreement and the promises contained in this agreement, the outstanding
balance is capitalized and is now principal to be repaid at  7.25000%
per annum at $      541.48 per month beginning  December 14, 2012 and on
the 14th day of each succeeding month until the principal
and interest are paid, except that the final installment of the
entire debt, if not paid sooner, will be due and payable on
   October 14, 2026.

If the outstanding loan balance prior to reamortization was reduced
by a payment which was later determined to be uncollectible, Rural
Development will charge the account with an amount equal to the
uncollectible payments.  This amount is due and payable on the
effective date it is charged to the account and may accrue interest
at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower
shall pay to lender on the day monthly payments are due under the Note,
until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes
and assessments which may attain priority over Lender's mortgage or deed
of trust (Security Instrument) as a lien on the secured property
described in the Security Agreement (Property); (b) yearly leasehold
payments or ground rents on the Property, if any; (c) yearly hazard or
property insurance premiums; and (d) yearly flood insurance premiums, if
any.  These items are called "Escrow Items." Lender may, at any time,
collect and hold funds in an amount not to exceed the maximum amount a
lender for a federally related mortgage loan, may require for Borrower's
escrow account under the federal Real Estate Settlement Procedures Act
of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq.
("RESPA"), unless another law or federal regulation that applies to the
funds sets a lesser amount.  If so, Lender may, at any time, collect and
hold funds in an amount not to exceed the lesser amount.  Lender may
estimate the amount of Funds due on the basis of current data and
reasonable estimates of expenditures of future Escrow Items or otherwise
in accordance with applicable law.

**Exhibit 4 ·**

*X8000003403* L8211000

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge. However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made. The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_____ Date 1/21/12
Borrower

Darnell Shoemaker Date 1/21/12
Borrower

**Exhibit 4**



Steven Moran, Sr.
111 Boydston St.
Warsaw, IN 46580-4709

SOUTH BEND IN 466

21 NOV 2012 PM 2 L

*Rural Development*
*Centralized Servicing Center*
*PO Box 66511*
*St Louis, Mo.* 63166

63166+6511

**Exhibit 4**

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) |
| Steven M. Moran, Sr. and Darnell R. Moran, n/k/a Darnell Shoemaker | ) |
| *Defendant* | ) |

Civil Action No.    3:19cv00385

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Steven M. Moran, Sr.
111 Boyston Street
Warsaw, IN  46580

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Deborah M. Leonard
Assistant United States Attorney
United States Attorney's Office-NDIN
5400 Federal Plaza, Suite 1500
Hammond, IN 46320

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.     3:19cv00385

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐  I returned the summons unexecuted because _____ ; or

❐  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                    *Server's signature*

                                                                    _____
                                                                    *Printed name and title*

                                                                    _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) |
| Steven M. Moran, Sr. and Darnell R. Moran, | ) |
| n/k/a Darnell Shoemaker | ) |
| *Defendant* | ) |

Civil Action No.   3:19cv00385

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Darnell R. Moran
    n/k/a Darnell Shoemaker
    4016 W. Prairie Dr.
    Leesburg, IN 46538

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Deborah M. Leonard
Assistant United States Attorney
United States Attorney's Office-NDIN
5400 Federal Plaza, Suite 1500
Hammond, IN 46320

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.    3:19cv00385

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

USDC IN/ND case 3:19-cv-00385   document 1-6   filed 05/20/19   page 1 of 1

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| | |
|---|---|
| **I. (a)  PLAINTIFFS**<br>UNITED STATES OF AMERICA | **DEFENDANTS**<br>STEVEN M. MORAN SR.,<br>DARNELL R. MORAN n/k/a DARNELL SHOEMAKER |
| **(b)**   County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Kosciusko<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*<br>Deborah M. Leonard, Assistant United States Attorney<br>USAO - 5400 Federal Plaza, Ste 1500,<br>Hammond, IN 46320 Tel: (260) 422-2595 | Attorneys *(If Known)* |

**II.  BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☒ 1   U.S. Government
       Plaintiff
- ☐ 2   U.S. Government
       Defendant
- ☐ 3   Federal Question
       *(U.S. Government Not a Party)*
- ☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*                                                  Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | ☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

**V.  ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1   Original
       Proceeding
- ☐ 2   Removed from
       State Court
- ☐ 3   Remanded from
       Appellate Court
- ☐ 4   Reinstated or
       Reopened
- ☐ 5   Transferred from
       Another District
       *(specify)*
- ☐ 6   Multidistrict
       Litigation -
       Transfer
- ☐ 8   Multidistrict
       Litigation -
       Direct File

**VI.  CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1345fc
Brief description of cause:
Federal Foreclosure

**VII.  REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐No

**VIII.  RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
05/20/2019

SIGNATURE OF ATTORNEY OF RECORD
s/Deborah M. Leonard

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____